**Raymond ABELS, et. al., Plaintiffs,**

v.

**JBC LEGAL GROUP, P.C., et al., Defendants.**

**No. C04–02345JW(RS).**

United States District Court, N.D. California. San Jose Division.

May 16, 2005.

Ronald Wilcox, San Jose, CA, O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, for Plaintiff.

June D. Coleman, Mark Ewell Ellis, Murphy Pearson Bradley & Feeney, Sacramento, CA, for Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND STAYING CERTIFICATION OF PLAINTIFF'S § 17200 CLAIM

WARE, District Judge.

### I. INTRODUCTION

Plaintiff, Raymond Abels ("Plaintiff" or "Abels"), brings this case as a class action against Defendant JBC Legal Group, RC. ("JBC"), a corporation, and Jack Boyajian, an individual (collectively "Defendants") for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), California Civil Code § 1788 et. seq. ("CA FDCPA" or "Rosenthal Act"), and the California Business and Professional Code §§ 17200 et. seq ("17200"). Plaintiff moves to certify a plaintiff class:

  i) consisting all persons with addresses within the State of California;

  ii) who were sent one or more collection letters from Defendants in a form similar or identical to Plaintiff's Exhibits A or B;

  iii) to recover dishonored check written for personal, family, or household purpose and which were not returned undelivered by the United States Postal Service.

(Motion ¶¶ 1–2).

A hearing was held on March 28, 2004. For the reasons set forth below, Plaintiff's motion for class certification is:

GRANTED as to the FDCPA claim as it pertains to all Defendants;

GRANTED as to the CA FDCPA claim as it pertains to Defendant JBC only.

DENIED as to the CA FDCPA claim as it pertains to Defendant Boyajian.

STAYED as to the § 17200 claim.

## II. BACKGROUND

Plaintiff seeks class certification to assert violations of: Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, California Civil Code § 1788, and California Business and Professional Code § 17200 et. seq. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The CA FDCPA regulates collection agencies and original creditors attempting to collect debts on behalf of another or on their own behalf. Section 17200 prohibits debt collectors from using false or misleading communications in an attempt to collect a debt. Plaintiff and the purported class seek actual damages, statutory damages, attorney's fees, costs, and equitable relief pursuant to FDCPA, CA FDCPA, and § 17200. (Complaint ¶¶ 1–2).

The alleged violations stem from Defendants' written communications attempting to collect an alleged debt from Plaintiff, and all others similarly situated in California. Abels allegedly owed a consumer debt for a check that was returned in the year 1993, some 11 years ago. On April 24, 2004, Defendants sent two collection letters to Plaintiff. (Complaint ¶ 3). Plaintiff contends these letters were false, deceptive and misleading, and threatened to take action that cannot be taken or were not intended to be taken, and attempted to collect amounts not authorized by contract or law. (Motion ¶¶ 2–3). Plaintiff alleges that the proposed class could include 100,000 persons with addresses within the State of California between June 15, 2003 and June 15, 2004 and June 15, 2000 and June 15, 2004. (Motion ¶ 5).

Defendants *do not* oppose class certification of the FDCPA claim. However, Defendants oppose certification of the California Fair Debt Collection Practices Act ("Rosenthal Act") sub-class. Defendants contend that the plain language of the Rosenthal Act clearly states that remedies are only recoverable, procedurally, in an individual action.

In addition, Defendants contend that the Rosenthal Act does not apply to lawyers or law firms. (Opposition ¶ 4). Defendants also oppose certification of the California Business and Professional Code § 17200 claim. Defendants contend that under California Proposition 64, the Lead Plaintiff does not have standing. (Opposition ¶¶ 5–7). Lastly, the Defendants argue that this Court must deny Plaintiff's request for class certification under Rule 23(b)(2) because the requested declaratory relief does not "correspond" to any requested injunctive relief, and because monetary damages predominate. (Opposition ¶ 16–19).

## III. STANDARDS

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Class actions are generally appropriate where standardized documents are at issue. *Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21982152, 2003 U.S. Dist. LEXIS 14389 (N.D.Ill., Aug. 19, 2003). Before a class action can be certified under Rule 23(a), Fed.R.Civ.P., four prerequisites must be satisfied:

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff bears the burden of establishing these four requirements, which are often referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992).

In addition to meeting the four prerequisites, the Court must find that the action satisfies one of the three conditions of Rule 23(b), Fed.R.Civ.P. In this case, Plaintiff requests certification pursuant to subdivision (b)(2) and (b)(3):

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individuals members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(2) and (b)(3).

## IV. DISCUSSION

### A. Certification of Class Under Federal Fair Debt Collection Practices Act (FDCPA)

Congress has expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases. Sections 15 U.S.C. §§ 1692k(a) and (b) provide in relevant part:

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors: (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

Plaintiff seeking remedy under 15 U.S.C § 1692k must meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff carries the burden of making out a prima facie case for each element of Rule 23(a). (William W. Schwarzer, et al., Federal Civil Procedure Before Trial ¶ 10:571 (The Rutter Group ("TRG") 2004)).

### 1. Requirements of Rule 23(a)

### a. Numerosity (Rule 23(a)(1))

■ "Under the first Rule 23(a)(1) factor, the class must be 'so numerous that joinder of all members is impracticable.'" *Dukes v. Wal–Mart Stores, Inc.*, 222 F.R.D. 137, 144 (N.D.Cal.2004) (citing Fed.R.Civ.P. 23(a)(1)); *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir.2003). Defendants admitted that letters similar or identical to the ones sent to Abels were sent to at least 10,000 persons, but less than 100,000 persons, with addresses within the State of California between June 15, 2003 and June 15, 2004, and June 15, 2000 and June 15, 2004. (Motion ¶ 5). Plaintiff alleges that the Defendants' use of form letters similar or identical to the ones Plaintiff received make the class so numerous that joinder of all members is impractical. Since Defendants have admitted that they have sent collection letters to at least 10,000 persons, this Court concludes that joinder of all members of the class is impractical. Therefore, the numerosity requirement has been met.

### b. Commonality (Rule 23(a)(2))

■ "A class has sufficient commonality 'if there are questions of fact and law which are common to the class.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998) (citing Fed R. Civ. P. 23(a)(2)). In *Keele v. Wexler*, 1995 WL 549048, 1995 U.S. Dist. Lexis 13215 (N.D.Ill. Sept. 12, 1995), the court held that "common nuclei of fact are typically manifest where, . . . the defendants have engaged in standardized conduct towards members of the proposed class with a class period one year prior to the filing of the Complaint by mailing to them allegedly illegal form letters or documents." In this case, the Plaintiff alleges that a standard letter sent by Defendants, to each member of the proposed class, was unfair and deceptive, in violation of the FDCPA. This Court there-

fore concludes, and Defendants do not dispute, that common questions exist as to whether Defendants' conduct was unlawful. Therefore, the commonality requirement has been satisfied.

### c. *Typicality (Rule 23(a)(3))*

■ "The typicality requirement ensures that the named plaintiff's claim and the class' claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The purpose of typicality is to "assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* Here Plaintiff alleges a pattern of wrongdoing, and the claims are based on the same form letter. Each of the class members was sent the same collection letter as Abels and each was allegedly subjected to the same violations of the FDCPA. Therefore, this Court concludes that claims of the class representative are typical of the claims of the class. Accordingly, the typicality requirement is met.

### d. *Adequacy of Representation (Rule 23(a)(4))*

■ Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R.Civ.P. 23(a)(4). The Ninth Circuit has recognized two criteria for determining adequacy: (1) whether plaintiffs counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests antagonistic to those of the class. *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir.1978) (citing *Nat'l Assoc. of Reg'l Med. Programs, Inc. v. Mathews,* 551 F.2d 340 (D.C.Cir.1976)).

### i. *The Lead Plaintiff Appears Able to Prosecute the Action Vigorously Through Qualified Counsel*

The Plaintiff asserts:

Raymond Abels understands his responsibilities as class representative. [See Declaration of Raymond Abels]. He is represented by experienced counsel whose qualifications are set forth in Declaration of Ronald Wilcox and Declaration of O. Randolph Bragg. "Plaintiffs are represented by ... and O. Randolph Bragg, who are experienced litigation attorneys." [*Littledove v. JBC & Assocs.,* supra at *12]. "The Declaration of O. Randolph Bragg shows that Plaintiff's counsel, O. Ranfolph Bragg, is qualified to conduct class action litigation." [*Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 668 (M.D.Fla. 1999) ]. "Mr. Bragg's ability to serve as counsel in class actions and consumer suits has been recognized in other court." [*Borcherding–Dittloff v. Transworld Systems, Inc.,* 185 F.R.D. 558, 563–64 (W.D.Wis.1999) ].

By initiating this action, Abels demonstrates that he has been actively involved with the litigation, including, but not limited to, the review and filing of the Complaint. Moreover, it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions. Thus, it seems, the named representative appears able to prosecute this action vigorously through qualified counsel.

### ii. *The Lead Plaintiff Do Not Have Antagonistic or Conflicting Interests with the Unnamed Members of the Class*

The crux of Plaintiff's complaint is that Defendants' use of form letters to collect time-barred debts violates FDCPA. Thus, the Lead Plaintiff claims and the unnamed class members' claims do not conflict. They all arise out of the same set of facts—Defendants' alleged unlawful conduct during the Class Period. Moreover, Abels and the class members seek actual and statutory equitable relief as the result of Defendants' unlawful collection notices. Given the identical nature of the claims between Abels and the class members, there is no potential for conflicting interests in this action. Therefore, there is also no antagonism between the interests of Abels and those of the classes.

It should be noted that in not opposing class certification of the FDCPA claim, Defendants do not address the adequacy of Plaintiff as a class representative nor the adequacy of his counsel. Defendants make clear that their opposition motion is not intended to act as a waiver to raising issues of the adequacy of class counsel or class representative. (Opposition ¶ 1). Notwithstanding Defendants' disclaimer, this Court finds that Plaintiff and lead counsel O. Randolph Bragg appear able to prosecute this action vigorously as required by Rule 23(a)(4).

In addition, although Defendants do not make any arguments, Defendants direct the Court's attention to the fact that there is a potential for a de minimis recovery for each class member due to the limitation of remedies available in FDCPA if the class is certified. (Opposition ¶ 4). The FDCPA provides for the recovery of actual damages, statutory damages of up to $1,000, and attorneys' fees within a one-year of limitation (15 U.S.C. §§ 1692k(a), (d)). If a case is certified as a class action, liability would include actual damages and up to 1% of defendants' net worth as statutory damages. (15 U.S.C. § 1692a(2)). As stated above, the class will consist of more than 10,000 members based on the Plaintiff's proposed class definition. (Motion ¶ 2). The Defendants contend that since Defendant Boyajian's net worth is negative and Defendant JBC's net worth is less than $250,000, if liability is established and statutory damages are due to the class members, the Court would necessarily award less than $2,500 to be split between more than 10,000 putative class member. (Opposition ¶ 4).

To address the Defendants' concern, the Court examines the policy at the very core of the class action mechanism. As Plaintiff correctly points out:

> Class action were designed not only to compensate victimized members of groups who are similarly situated ... but also deter violations of the law, especially when small individual claims are involved. Disgorgement of illegal gains from wrongdoers, together with ... application of the recovery for the benefit of class members under cy pres doctrines, would fulfill the deterrence objectives of class action.

(Motion ¶ 2) (quoting H. NEWBERG, CLASS ACTIONS § 4.36).

In *Mace v. Van Ru Credit Corp.*, the Seventh Circuit recognizes that the class action mechanism is to "overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." 109 F.3d 338, 344 (7th Cir. 1997). Thus, while the FDCPA does allow for individual recoveries of up to $1000, this assume that a potential plaintiff will be aware of his rights, wiling to subject himself to all the burdens of suing, and able to find an attorney willing to take his case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives. *Id.* Therefore, in evaluating the overall objective of the class action remedy, this Court finds that de minimis recovery is not a ground for refusing certification.

### 2. *The Requirements of Rule 23(b)*

In addition to satisfying Rule 23(a)'s four prerequisites, Plaintiff must also show that his action satisfies one of the three conditions set forth in Rule 23(b). In this case, Plaintiff requests certification pursuant to subdivision (b)(2) and (b)(3).

Class certification may be appropriate where a defendant acted or refused to act in a manner applicable to the class generally, rendering injunctive relief or declaratory relief appropriate to the class as a whole. Fed. R.Civ.P. 23(b)(2). Rule 23(b)(2) generally does not extend to cases in which the appropriate final relief "relates exclusively or predominantly to money damages." *See Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 450–451 (N.D.Cal.1994). In this case, Plaintiff and the purported class seek actual damages, statutory damages, attorney's fees, costs, and equitable relief. Statutory damages are limited to one percent of defendants' net worth. 15 U.S.C. § 1692k. Here, the Defendants admit that Defendant JBC's net worth is $250,000. Defendants

have directed the Court's attention to the fact if liability is established and statutory damages are due to the class members, the Court would necessarily award less than $2,500. Distributed pro-rata to a class of 10,000 people, these damages would be $.25 per person. Clearly, statutory monetary damages do not predominate.

■ Rule 23(b)(3) provides:

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: ...(3) the court finds that the questions of law or fact common to the members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In addressing the questions of law or fact common to the members, the Court looks at common factual link between all class members and the defendants for which the law provides a remedy. *Valentino v. Carter–Wallace, Inc.,* 97 F.3d 1227 (9th Cir.1996). The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class member. Here, the issues common to the class—namely, whether the Defendants' systematic policy of sending collection letters, and whether those letters violate FDCPA—are predominant. Plaintiff's Complaint centers around these issues.

■ In addition, this Court finds that a class action is the superior method for adjudicating this lawsuit. "Where class wide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation. A class action is the superior method for managing litigation if no realistic alternative exits." *Id.,* 1234–1235 (citations omitted). Case law affirms that class actions are a more efficient and consistent means of trying the legality of collection letters. *See: Irwin v. Mascott,* 112 F.Supp.2d 937 (N.D.Cal.2000); *Brink v. First Credit Resources,* 185 F.R.D. 567 (D.Ariz.1999); *Piper v. Portnoff Law Associates,* 262 F.Supp.2d 520 (E.D.Pa. May 15, 2003). The present case is similar to the case of *Sledge v. Sands* where the court recognized the importance of the class action remedy when the predominate legal issue is whether collection form letters violate the FDCPA. The court stated:

The predominate legal issue is whether these letters violate the FDCPA. Additionally, a class action is the superior form of adjudication for this case. Many plaintiffs may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights. A class action is judicially efficient in lieu of clogging the courts with thousands of individual suits. The FDCPA itself recognizes the propriety of class actions by providing special damages sections for class action cases.

182 F.R.D. 255, 259 (N.D.Ill.1998). Thus, this Court concludes that class certification of the FDCPA claim is the superior method to resolve the controversy in this case.

**B. Sub–Class Certification under the California's Fair Debt Collection Practices Act (CA FDCPA).**

Plaintiff contends that the Court should exercise supplemental jurisdiction over the CA FDCPA claim, essentially seeking certification of a sub-class. The Defendants make two arguments against this sub-class: 1) CA FDCPA does not apply to lawyers or law firms (Cal. Civ.Code § 1788.2(c); 2) CA FDCPA specifically states that the remedies are only recoverable in the procedural context of an individual (Cal. Bus. & Prof.Code § 6077.5). (Opposition ¶ 4).

California Fair Debt Collection Practices Act defines a "debt collector" as follows:

The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.

Cal. Civ.Code § 1788.2(c). Interpreting the plain language of the statute, it appears clear on its face that CA FDCPA "does not include

an attorney." In fact, during oral argument, Plaintiff conceded that the CA FDCPA does not apply to Defendant Boyajian, who is an attorney. Thus, this Court denies Plaintiff's sub-class of the CA FDCPA as it pertains to Defendant Boyajian.

■ However, giving section § 1788.2(c) the same reading does not yield the same result for Defendant JBC. The statute merely states that it does not apply to "attorney" or "counselor at law"; it does not outright exclude "law firms". Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms. In addition, taken the allegations from Plaintiff's Complaint as true, Defendant JBC, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection using form letters sent through the United States Postal Office, Defendant JBC is a "debt collector" as defined by CA FDCPA.

Plaintiff correctly points out that the California Legislature amended the CA FDCPA in 1999 by adding Civil Code § 1788.17. The amended provision provides, in relevant part:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ.Code § 1788.17. The Plaintiff's response provides the Court with a brief but detailed account of the legislative history behind the 1788.17 amendment. (Response ¶¶ 4–6). This Court is persuaded by the Plaintiff's careful analysis of the legislative intent, which was to broaden the remedies under Civil Code 1788.30(f) providing for individual action.

■ In *Daniel Edstrom v. All Services and Processing*, 2005 WL 645920 (N.D.Cal. February, 2005), the court noted that California has incorporated by reference the text of certain federal provisions into the CA FDCPA, rather than copying them verbatim into the California code. The court went on to find that the defendant's violations of section 1692g of the FDCPA also constitute violations of CA FDCPPA. *Supra.*, 5. Thus,

if a defendant can be found to violate CA FDCPA when he violates FDCPA, it is logical to conclude that he would then be subject to the same remedies afforded to a plaintiff in FDCPA.

Moreover, this Court does not have to reach very far to give effect to 1788.17. A strict reading of 1788.17 clearly paves way for CA FDCPA violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k. The mandatory language in the amendment—"...shall be subject to the remedies in Section 1692k"—leaves little doubt as to the intent of the legislature to broaden the remedies for CA FDCPA, providing for a class action. For these reasons, this Court must give effect to the recently enacted statute. Accordingly, certification of the sub-class under CA FDCPA is appropriate as it pertains to Defendant JBC.

## C. The Court Stays the California Unfair Competition Claim in Light of the California Supreme Court's Recent Acceptance of the Cases Involving the Retroactivity of Proposition 64

Plaintiff alleges that Defendants' debt collection activities also violate the California Unfair Competition Law, which proscribes, *inter alia,* "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof.Code § 17200 *et seq.* Defendants argue that Plaintiff lacks standing to sue under § 17200 because he does not allege that he has lost money or property as a result of their debt collection letters. Defendants argue that in light of the passage of Proposition 64 by California voters in November 2004, actual injury is a prerequisite for a § 17200 claim.

Proposition 64 limits the standing of plaintiffs to sue under § 17200. It eliminates the provision of § 17204 authorizing initiation of a complaint by "any person acting for the interests of itself, its members, or the general public," and substituted a provision for enforcement only by "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof.Code § 17204 (2005). In addition, Proposition 64 amends § 17203, which deals with injunctive relief. It pro-

vides that a private person "may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17203 [i.e., actual injury] and complies with Section 382 of the Code of Civil Procedure" governing class actions. Cal. Bus. & Prof.Code § 17203 (2005). Thus, the amended statute also bars representative actions that cannot meet the class certification requirements imposed by § 382 of the California Code of Civil Procedure. *Id.* Proposition 64 became effective the day after its approval by the electorate, but is silent on whether its provisions apply retroactively. Cal. Const., art. II, § 10, subd. (a).

The meaning and scope of Proposition 64 are being hotly contested in the California state courts at this time. On April 27, 2005 the California Supreme Court granted review in five of the cases in which the Proposition 64 retroactivity question has been raised. All five cases involve published California Court of Appeal opinions: *Californians for Disability Rights v. Mervyn's, LLC,* 126 Cal. App.4th 386, 24 Cal.Rptr.3d 301 (2005), *Californians for Disability Rights v. Mervyn's, LLC,* —— Cal.App.4th ——, 110 P.3d 1216, 28 Cal.Rptr.3d 1, 2005 WL 1148233 (2005); *Benson v. Kwikset,* 126 Cal.App.4th 887, 24 Cal. Rptr.3d 683 (2005), *Benson v. Kwikset Corp.,* —— Cal.App.4th ——, 110 P.3d 1217, 28 Cal. Rptr.3d 2, 2005 WL 1148246 (2005); *Branick v. Downey Sav. & Loan Ass'n,* 126 Cal. App.4th 828, 24 Cal.Rptr.3d 406 (2005), *Branick v. Downey Sav. & Loan Ass'n,* —— Cal.App4th ——, 110 P.3d 1217, 28 Cal. Rptr.3d 2, 2005 WL 1148244 (2005); *Bivens v. Corel Corp.,* 126 Cal.App. 4th 1392, 24 Cal.Rptr.3d 847 (2005), *Bivens v. Corel Corp.,* —— Cal.App.4th ——, 110 P.3d 1218, 28 Cal.Rptr.3d 3, 2005 WL 1148250 (2005); *Lytwyn v. Fry's Electronics, Inc.,* 126 Cal. App.4th 1455, 25 Cal.Rptr.3d 791 (2005), *Lytwyn v. Fry's Electronics, Inc.,* —— Cal. App.4th ——, 110 P.3d 1218, 28 Cal.Rptr.3d 3, 2005 WL 1148255 (2005)(review granted on court's own motion). Accordingly, this Court stays its ruling on Plaintiff's § 17200 claim until the issue is resolved by the California Supreme Court, which is the proper forum for the resolution of this novel issue of state law.

### V. CONCLUSION

For the reasons set forth above, this Court GRANTS, in part, Plaintiff's Motion for Class Certification as follows:

1) With respect to the Federal Fair Debt Collection Practices Act claim, the class shall:

   a) consisting all persons with addresses within the State of California;

   b) who were sent one or more collection letters from Defendants in a form similar or identical to Plaintiff's Exhibits A or B;

   c) to recover dishonored check written for personal, family, or household purpose and which were not returned undelivered by the United States Postal Service.

The class period is one year prior to the filing of this Complaint, i.e., June 15, 2004 to the date of class certification (May 16, 2005).

2) With respect to the California Fair Debt Collection Practices Act claim, the class shall be defined as the FDCPA claim.

The class period is one year prior to the filling of this complaint, i.e., June 15, 2004 to the date of class certification (May 16, 2005).

The certification only applies to Defendant JBC.

The Court stays Plaintiff's motion for class certification for the California Business and Professional Code § 17200 pending a decision by the California Supreme Court regarding the retroactivity of Proposition 64.