James McDONALD, Plaintiff,

v.

**BONDED COLLECTORS,
L.L.C., Defendant.**

**Civ. No. 05–CV–0687WPOR.**

United States District Court,
S.D. California.

Aug. 15, 2005.

Joshua B. Swigart, Robert L. Hyde, Douglas J. Campion, San Diego, CA, for Plaintiff.

Timothy P. Johnson, Orange, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

PORTER, United States Magistrate Judge.

Plaintiff James McDonald filed this consumer credit lawsuit against Defendant Bonded Collectors, L.L.C., on April 4, 2005. The original complaint alleged violations of both the federal statutes regulating debt collection practices. Plaintiff now seeks leave to file a first amended complaint to add allegations on behalf of a class of plaintiffs who received the same form letter. District Judge Whelan referred the pretrial motion to this court for decision. 28 U.S.C. § 636(b)(1)(A). The court ordered the matter submitted without oral argument. CivLR 7.1.d.1. For the reasons stated below, the court grants plaintiff's motion for leave to amend.

### Background

Plaintiff incurred a debt of approximately $3,000 at Sears department store. Compl. ¶ 16 & Attach. 1. The debt was assigned to Defendant for collection. Compl. ¶ 19. Defendant sent Plaintiff a letter in an attempt to collect the debt. Compl. Attach. 1. In this lawsuit, Plaintiff alleges that the language of the letter violated "numerous and multiple" provisions of both federal the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the state Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 to 1788.32. Compl. ¶¶ 27 & 30.

Plaintiff now seeks leave to file an amended complaint to bring class allegations. Defendant opposes the motion on the ground that the state law expressly prohibits a class action remedy.

### Discussion

After a defendant has filed an answer, Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend the complaint by leave of court. Fed.R.Civ.P. 15(a). "Leave shall be freely given when justice so requires." *Id.; Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222

(1962). Factors indicating that the motion is improper include bad faith, unfair prejudice to defendant, and prior amendments. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990).

When analyzed under this standard, the factors weigh strongly in Plaintiff's favor. The application is timely. The original complaint was filed in April 2005, and Plaintiff filed the motion to amend three months later in June 2005. The case is in the very early pretrial proceedings and the court has not yet issued a scheduling order. As there is no discernable prejudice to Defendant, the traditional factors demonstrate that the motion should be granted.

■ Nonetheless, an amendment would be futile if the claim would fail as a matter of law. *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir.1986) ("any amendment would have been futile in that it could be defeated on a motion for summary judgment."). Defendant argues that the proposed amendment would be futile because the state statute permits only individual actions and does not provide for a class action remedy. Defendant cites California Civil Code § 1788.30, which states that a debt collector "shall be liable . . . only in an individual action."

This argument, however, overlooks an amendment to the statute. *Abels v. JBC Legal Group, P.C.,* 227 F.R.D. 541, 548 (N.D.Cal.2005). In 1999, the state legislature added Civil Code § 1788.17 to provide that, "[n]otwithstanding any other provision of this title, every debt collector . . . shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ.Code § 1788.17. In turn, the federal statute provides for class action remedies. 15 U.S.C. § 1692k(a)(2)(B); *e.g., Irwin v. Mascott,* 370 F.3d 924 (9th Cir.2004) (class action had been certified for violations of both federal and California debt collection practices acts). This specific and recent amendment controls the more general and earlier provision that had limited the California consumer to individual actions. *Abels,* 227 F.R.D. at 548. The legislative history cited by Plaintiff demonstrates that the state legislature concluded that the statute would be more effective if violations could be pursued in class actions. *See id.* (legislative

intended to broaden remedies to include class action); Pl.'s Reply Br. at 7–9 (filed Aug. 1, 2005) ("violations are honored more in the breach than the observance" and "absent the threat of class action, there is no incentive to abort an illegal continuing course of conduct") (citing comments by Senate to the Assembly Bill) (www.leginfo.oa.gov).

Defendant attempts to distinguish *Abels* because the debt collector in that action had independently violated both the federal and the state debt collection practices statutes. The court is not persuaded by this argument. As Plaintiff correctly notes, the debt collection letter may have violated a specific provision of the state law (by omitting specific language), but that violation may also be considered misleading under the federal statute. *See Alkan v. Citimortgage, Inc.,* 336 F.Supp.2d 1061, 1065 (N.D.Cal.2004) ("California simply incorporated by reference the text of certain federal provisions" into its statute "rather than copying them verbatim into the California code.").

### Conclusion

Upon due consideration of the parties' memoranda and exhibits, and for the reasons act forth above, the court hereby grants Plaintiff's motion for leave to file first amended class action complaint [# 8]. Plaintiff shall file and serve the amended complaint on or before *September 9, 2005.*

**IT IS SO ORDERED.**