**Johnny GONZALES, on Behalf of Himself and All Others Similarly Situated, Plaintiff,**

v.

**ARROW FINANCIAL SERVICES LLC, Defendant.**

**No. 05 CV 0171 JAH(RBB).**

United States District Court, S.D. California.

Feb. 7, 2006.

Elizabeth J. Arleo, Arleo Law Firm, Ramona, CA, Robert L. Arleo, Law Offices of Robert L. Arleo, New York, NY, Craig M. Shapiro, O. Randolph Bragg, Horwitz, Horwitz and Associates, Chicago, IL, for Plaintiff.

Abraham J. Colman, Buchalter Nemer, Los Angeles, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [Doc. No. 32]

HOUSTON, District Judge.

### BACKGROUND

Plaintiff originally filed a complaint on January 28, 2005, naming Arrow Financial Services, LLP as defendant. Defendant moved to dismiss the action for failure to state a claim. Finding Plaintiff sufficiently pled facts that could entitled him to relief, the Court denied the motion. On October 18, 2005. Plaintiff filed a First Amended Complaint ("FAC") alleging a violation of the Fair Debt Collection Practices Act and California's Fair Debt Collection Practices Act. Specifically, Plaintiff alleges Defendant sent form collection letters containing the following language, "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." FAC ¶ 14 at 3.

On November 14, 2005, Plaintiff filed a motion for class certification. Defendant filed an opposition on December 22, 2005. Plaintiff filed a reply on January 19, 2006. The motion was taken under submission without oral argument. After a thorough review of the pleadings, the Court GRANTS Plaintiff's motion for class certification.

### DISCUSSION

Plaintiff seeks class certification for his Fair Debt Collection Practices Act and California Rosenthal Fair Debt Collection Practices Act claims.

### I. Legal Standard

Whether to grant class certification is within the discretion of the court. *Montgomery v. Rumsfeld,* 572 F.2d 250, 255 (9th Cir. 1978). A cause of action may proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of the Federal

Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation. Fed.R.Civ.P. 23(a). In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b). Pursuant to Rule 23(b) a party may maintain a class action if:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## II. Analysis

Plaintiff maintains he meets the requirements of 23(a) and (b). Plaintiff further maintains class certification as a hybrid class under Rule 23(b)(2) and (3) is in the best interests of the class members as declaratory relief and statutory damages are sought.

Defendant opposes the motion arguing the Rosenthal Act precludes a class action on its face and, even if a class may be certified under the Rosenthal Act, it cannot allow double recovery in connection with the exact violation alleged to be a violation of the FDCPA. Defendant further argues no class may be certified based upon Plaintiff's allegations under section 1788.13 of the Rosenthal

Act, because it must be pursued only in an individual action. Defendant sets forth no argument opposing Plaintiff's assertion he meets the requirements of Rule 23(a) and (b).

## A. Rosenthal Act

Section 1788.30 of the Rosenthal Act mandates that any debt collector who violates the Act shall be liable "only in an individual action..." Cal. Civ.Code § 1788.30(a). However, section 1788.17, a 1999 amendment to the Rosenthal Act, mandates debt collectors, collecting or attempting to collect a debt are "subject to the remedies in Section 1692k, Title 15 of the United States Code." Ca. Civ.Code 1788.17. Section 1692k provides for class actions. *See* 15 U.S.C. § 1692(a)(2)(B). Courts have found section 1788.17 broadens the remedies of the Rosenthal Act to provide for class actions. *See Palmer v. Stassinos*, 233 F.R.D. 546 (N.D.Cal.2006); *McDonald v. Bonded Collectors, LLC*, 233 F.R.D. 576 (S.D.Cal.2005); *Abels v. JBC Legal Group, PC*, 227 F.R.D. 541 (N.D.Cal.2005).

Citing to the legislative history of the 1999 amendment, Plaintiff contends section 1788.17 incorporates the standards and remedies of section 1692k and thereby provides for a class action remedy and the strict liability standard of the FDCPA. Plaintiff argues the amendment created two independent remedies sections for the Rosenthal Act. He suggests the two sections can be harmonized, and if the Court finds they conflict, the Court should give effect to the most recently enacted statute.

Defendant argues a class action is not a remedy, but a procedure and, as such, section 1788.17 merely broadens the remedies of the Rosenthal Act to allow a plaintiff to seek $1,000 in statutory damages without demonstrating the debt collector "willfully and knowingly" violated the law. Defendant further argues resorting to legislative history is improper, because the first canon of statutory interpretation holds that where a law is clear on its face, legislative intent is drawn exclusively from the text. Defendant maintains the language of section 1788.30, "only in an individual action" is clear. Defendant also

argues that giving priority to section 1788.17 over section 1788.30, and thereby ignoring the prohibition against class action, is in direct violation of the canon of statutory interpretation that courts should give effect to every word of statute and not render provisions superfluous.

Although Defendant argues the language of section 1788.30 is clear, the Court must look to the entire act to interpret its meaning. *See Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) ("When interpreting a statute, the court will not look merely to a particular clause in which general words would be used, but will take in connection with the whole statute..." citing *Brown v. Duchesne,* 60 U.S. 183, 194, 19 How. 183, 15 L.Ed. 595 (1856)). Taking the two provisions at issue together demonstrates an ambiguity as to whether class actions are permitted. While section 1788.30 mandates a debt collector who violates the act shall be liable "only in an individual action", section 1788.17 incorporates the portion of section 1692k which provides remedies available in class actions. As such, the Court will look to the legislative history to determine whether the legislature intended to permit class actions for violations of the Rosenthal Act.

Plaintiff provides a copy of the legislative information surrounding the 1999 amendment.[1] The California Senate Judiciary Committee reported that the amendment would subject violators to the remedies of 15 U.S.C. § 1692k, including damages for prevailing plaintiffs in a class action. *See* Plaintiff's Request for Judicial Notice, Exhibit 2 at 1, 3. The Committee recognized the law prior to the amendment did not provide for class actions and the amendment would incorporate the remedies included in section 1692k, specifically referring to the remedies allowed in class actions. *See id* at 3. Furthermore, the Committee noted the problems with the law prior to the amendment contained no incentive to debt collectors to stop their wrongful conduct and violators were still able to avoid penalty when a group of persons was affected by their conduct, "unless each and every consumer brings a complaint." *Id.* at 4. The Court finds the legislative history demonstrates the legislature intended to allow class actions for violations of the Rosenthal Act. Accordingly, Plaintiff's claims brought under the Rosenthal Act may be certified as a class action if he meets the requirements of Rule 23.

**B. Damages Issue**

■ Defendant argues Plaintiff impermissibly seeks certification as a class action under the Rosenthal Act so he may seek double recovery, by asserting identical claims and prayers for relief. Plaintiff maintains this argument is incorrect and premature, and should be addressed after a determination is made on whether Defendant violated the FDCPA and the Rosenthal Act.

The Court finds the issue of whether plaintiff is impermissibly seeking double recovery is irrelevant to the issue of class certification. As such, it is not properly brought in opposition to a motion for class certification.

**C. Rule 23**

Rule 23(a) requires a finding of numerosity, commonality, typicality and adequacy of representation. Defendant asserts no opposition to certifying the FDCPA action as a class action and provides no argument opposing Plaintiff's assertion he meets the threshold requirements of Rule 23(a) and the criteria of Rule 23(b)(2) and (3). Accordingly, the Court will look to Plaintiff's arguments and documentation to determine whether he meets the requirements.

**1. Rule 23(a)**

■ Plaintiff establishes the proposed class will include approximately 40,000 members who received the same debt collection letters at issue in this matter. Accordingly, Plaintiff sufficiently demonstrates joinder of the proposed class members is impracticable and the existence of common questions of

---

1. Plaintiff attaches printouts of the information on the legislative history of the 1999 amendment to his request for judicial notice of the information and request for judicial notice of *Palmer v.* *Stassinos;* No. C–04–03036 RMW and *Palmer v. Far West Collection Svcs.;* No. C–04–03027 RMW. The request is granted.

fact and law. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998); *Palmer,* 233 F.R.D. 546. Plaintiff maintains he received the same debt collection letter from Defendant as those received by the class members, and was subject to the same demands. As such his claims are typical to those of the class. *See Abels,* 227 F.R.D. at 545.

■ As to adequacy of representation, Plaintiff asserts he is represented by experienced counsel, Elizabeth Arleo and O. Randolph Bragg. Ms Arleo attests to experience prosecuting numerous securities fraud actions, representing plaintiffs in other consumer class actions and maintains she is currently involved in other cases brought for violations of the Fair Debt Collection Practices Act. Arleo Decl. ¶¶ 6, 7, 8, 9, 10. Mr. Bragg attests he is involved in numerous consumer cases, and lectures on the FDCPA. Bragg Decl. ¶¶ 7, 8. Plaintiff's counsel demonstrate they have sufficient experience to adequately represent the class members. Plaintiff also argues there is no potential for conflict with the class members, because his claims are identical. Plaintiff demonstrates he and his chosen counsel shall adequately represent the class. Therefore, the Court finds Plaintiff meets the threshold requirements of Rule 23(a).

## 2. Rule 23(b)

■ To maintain a class action, Plaintiff must meet one of the three subdivisions of Rule 23(b). Plaintiff maintains he meets the requirements of both Rule 23(b)(2) and (3) and seeks certification as a hybrid class under both, because this action seeks declaratory relief and statutory damages. Pursuant to Rule 23(b)(2) a class action may be maintained if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." If "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy" a class action may be maintained under Rule 23(b)(3). "Rule 23(b)(2) generally does not extend to cases in which the appropriate final relief 'relates exclusively or predominantly to money damages.'" *Irwin v. Mascott,* 96 F.Supp.2d 968, 979 (N.D.Cal.1999) (citing *Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 450–51 (N.D.Cal.1994)). However, a class action may be maintained under Rule 23(b)(2) if the money damages are merely incidental to the claim for injunctive relief. *See Probe v. State Teachers' Retirement System,* 780 F.2d 776, 780 n. 3 (9th Cir.1986).

■ Here, Plaintiff seeks statutory damages and contends, because of the standardized nature of Defendant's conduct in this case, common questions predominate. He also argues that a class action is superior to other available methods to resolve this controversy, because it is a more efficient and consistent means of trying the legality of a collection letter. At issue in this case is whether Defendant violated the FDCPA and the Rosenthal Act using certain language in standardized letters. As argued by Plaintiff, the only individual issue is the identification of consumers who received the letter. The Court finds common questions of law and fact predominate. *See Abels,* 227 F.R.D. at 547. Additionally, a class action is more efficient than individual actions in cases involving consumer protection. *See Ballard v. Equifax Check Svcs.,* 186 F.R.D. 589, 600 (E.D.Cal.1999) (Finding class action superior because individuals are unlikely to be aware of their rights under the FDCPA, the amount of individual claims are generally so small there is not incentive to file individual actions, and suits for standardized conduct more efficient as a class action).

■ Plaintiff also argues Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole, therefore class certification pursuant to 23(b)(2) is appropriate. Plaintiff alleges and seek a declaratory judgment that Defendant violated the FDCPA and the Rosenthal Act by sending letters to numerous consumers that included the following language: "Upon receipt of the settle-

ment amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." FAC, Exhs. A, B. Defendant action is applicable to each member of the proposed class, as they received the standardized letters. As such, declaratory relief is applicable to the class as a whole. Class certification under Rule 23(b)(2) is appropriate. Plaintiff's meet the requirements of Rule 23(b)(2) and (3).

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** Plaintiff's motion for class certification is **GRANTED**. The class consists of all natural persons with California addresses who meet the following criteria:

1. Defendant sent them a letter in the form represented by Exhibits A and/or B attached to the First Amended Complaint;

2. on or after a date one year prior to the filing of this action;

3. seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California that was charged off more than 7 years previous to the date of the letter; and

4. which was not returned by the Postal Service.

The class claims and issues are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 *et seq.* by:

1. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5) and Cal. Civil Code § 1788; and

2. Utilizing false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692e and 1692e(10) and Cal. Civil Code § 1788.

Johnny Gonzales is designated as representative for the class. Elizabeth Arleo and O. Randolph Bragg are appointed as class counsel, pursuant to Federal Rule of Civil Procedure 23(g).