Aaron **WEAKLEY**, Plaintiff,

v.

**REDLINE RECOVERY SERVICES, LLC, Jay Riley Chates and Ken Hardy, Defendants.**

Case No. 09–cv–1423 BEN (WMc).

United States District Court, S.D. California.

July 13, 2010.

1342

Joshua Swigart, Robert Lyman Hyde, Hyde and Swigart, San Diego, CA, for Plaintiff.

Sean P. Flynn, Ropers, Majeski, Kohn & Bentley, Los Angeles, CA, for Defendants.

ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' RULE 12(b)(1)-(2) and 12(b)(6) MOTION TO DISMISS

ROGER T. BENITEZ, District Judge.

## INTRODUCTION

Currently before the Court is Defendants' Rule 12(b)(1)-(2) and 12(b)(6) motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. [Dkt. No. 32.] For the reasons set forth below, the Court **DENIES** Defendants' Motion to Dismiss.

## BACKGROUND

This action arises from Defendants' alleged unlawful and abusive attempts to collect a debt allegedly owed by Plaintiff as stated in Plaintiff's First Amended Complaint ("FAC"). Defendant Redline Recovery Services, LLC, ("RRS") is a debt collection agency located in Alpharetta, Georgia. [FAC ¶ 10.] Defendants Jay Riley Chates and Ken Hardy are employees and agents of RRS and reside in Dallas, Texas. [FAC ¶ 11; Schmidt's Decl. in Supp. of Defs.' Mot. to Dismiss, Exs. A and D.] Plaintiff is an individual consumer and resides in San Die go, California. [FAC ¶ 9.]

On June 30, 2009, Plaintiff initiated this action against Defendants, alleging causes of action for violation of 15 U.S.C. § 1692 et seq., the federal Fair Debt Collection Practices Act (hereinafter, "FDCPA"), and California Civil Code §§ 1788–1788.32, the Rosenthal Fair Debt Collection Practices Act (hereinafter, "RFDCPA").

Prior to June 4, 2009, Plaintiff allegedly incurred "consumer debt" as defined by the RFDCPA in California Civil Code § 1788.2(f) and fell behind in payments owed. [FAC ¶¶ 20–23.] Plaintiff's alleged debt was then assigned to Defendants for collection. [FAC ¶ 24.] On or around June 4, 2009, according to Plaintiff, Defendants telephoned Plaintiff and demanded payment of the debt. [FAC ¶ 26.] At this time, Plaintiff informed Defendants of his employment with the United States Marine Corp. and provided Defendants with

two telephone numbers at which he could be contacted. [FAC ¶ 29.]

On or about June 5, 2009, Defendants allegedly telephoned the United States Marine Corp. "base locator" to verify Plaintiff's employment. [FAC ¶ 30.] It is alleged Defendants then immediately telephoned Plaintiff's employer at Marine Corps Air Station Miramar and advised the employer of Plaintiff's debt. [FAC ¶ 31.] Later that day, Defendant RRS allegedly requested Plaintiff's permission, and plaintiff allegedly agreed, to allow Defendant to electronically withdraw funds from Plaintiff's bank account. [FAC ¶ 36.]

Before June 10, 2009, Plaintiff allegedly became aware that a loan he previously believed he would obtain to cover the withdrawal of funds had not been approved. Consequently, Plaintiff believed that Defendant's attempt to withdraw funds from his bank account would result in insufficient funds. [FAC ¶ 37.] Plaintiff allegedly then spoke with Defendant RRS and informed RRS he wished to retract permission previously given to withdraw funds from his bank account. [FAC ¶ 38.]

On or about June 11, 2009, according to Plaintiff, Defendant Chates contacted Plaintiff's supervisor CW02 Sean Flores ("Flores") and advised him of Plaintiff's debt. [FAC ¶ 39.] Flores allegedly urged Defendant not to contact Plaintiff's commanding officer, Lt. Col. Todd Jenkins ("Jenkins"). Defendant Chates allegedly telephoned Jenkins immediately and informed him that Plaintiff's debt was delinquent and Plaintiff was "dishonest." [FAC ¶¶ 43–44, 49.] Subsequently, Flores telephoned Defendant Chates to, again, tell him to cease contact with Jenkins. [FAC ¶¶ 54.] Plaintiff alleges that, during this conversation, Defendant Chates was extremely rude and hostile, prompting

Flores to request to speak to Defendant's supervisor, Defendant Hardy. [FAC ¶¶ 55–56.] Defendant Hardy proceeded to inform Flores that Defendants were attempting to collect Plaintiff's debt in the amount of $3,000,000 for charges made to a Sears card. [FAC ¶ 56.] Plaintiff alleges Defendants' communication with Flores and Jenkins regarding Plaintiff's alleged debt violates the FDCPA and the RFDCPA. [FAC ¶¶ 32–34, 40–42, 45–47, 50–51, 61.]

On or about June 16, 2009, according to Plaintiff, Defendant RRS communicated with Plaintiff by letter, stating Defendants had an agreement with Plaintiff to electronically withdraw funds from Plaintiff's bank account. [FAC ¶ 59.] Plaintiff alleges Defendant's communication was a false, deceptive, or misleading representation in violation of the FDCPA and the RFDCPA. [FAC ¶ 59.]

On or about June 26, 2009, Plaintiff alleges Defendants submitted an electronic withdrawal to Plaintiff's bank account for the sum of $3,093.45, in defiance of Plaintiff's instruction not to do so. [FAC ¶ 60.] Plaintiff alleges that Defendants used an unfair or unconscionable means to collect or attempt to collect any debt in violation of the FDCPA and the RFDCPA. [FAC ¶ 60.]

## DISCUSSION

### A. The Court has Subject Matter Jurisdiction

Defendants move to dismiss the instant action for lack of subject matter jurisdiction. This court has subject matter jurisdiction over Plaintiff's claims under the FDCPA pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28

U.S.C. § 1367. Therefore, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction.

## B. The Court has Personal Jurisdiction

■ Defendants argue this Court lacks personal jurisdiction over the individual Defendants, Chates and Hardy. The plaintiff has the burden of demonstrating the district court's personal jurisdiction over the defendants. *See Harris Rutsky & Co. Ins. Servs., Inc.,* 328 F.3d 1122, 1128–29 (9th Cir.2003). "However, this demonstration requires that plaintiff make only a prima facie case showing of all jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir.2006).

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." *Dow Chem. Co. v. Calderon,* 422 F.3d 827, 830 (9th Cir.2005). Because the Court is located within the state of California, the applicable long-arm statute is California's. California's long-arm statute permits local courts to exercise personal jurisdiction to the extent allowed by the Due Process Clause of the California and United States Constitutions. Cal.Civ.Proc.Code § 410.10. Federal Due Process requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also Pebble Beach Co.,* 453 F.3d at 1154.

There are two types of personal jurisdiction, general and specific. The parties agree that general jurisdiction is not an applicable basis for personal jurisdiction, but dispute whether specific jurisdiction is appropriate. The Ninth Circuit applies the following three-part test for specific jurisdiction:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable.

*Pebble Beach Co.,* 453 F.3d at 1155. Because individual Defendants Chates and Hardy, from Texas, contacted Plaintiff and Plaintiff's military workplace, in California, by telephone to collect Plaintiff's alleged debt, Defendants have performed acts or transactions within the forum. *See Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Further, Plaintiff's claims arise out of these telephone calls made by Defendants. In order to determine whether the exercise of jurisdiction is reasonable, a defendant "must present a compelling case that the presence of some other considerations would ... make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotation and citation omitted); *see also Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132 (9th Cir.2003). Defendants have not presented other considerations in their motion to suggest litigation will be gravely difficult and inconvenient if

litigated in California. Therefore, Defendants' communication with Plaintiff in California constitutes contacts sufficient to demonstrate that Defendants Chates and Hardy are subject to personal jurisdiction.

### C. The Court Denies Defendant's 12(b)(6) Motion To Dismiss

#### 1. Legal Standard

Defendants move to dismiss all claims against all Defendants. Under Federal Rule of Civil Procedure 12(b)(6) an action or part of an action may be dismissed for failure to state a claim upon which relief may be granted. A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.2001). To satisfy this rule, a complaint generally must comport with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2); *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir.2003). Recent United States Supreme Court holdings, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,* ⸺ U.S. ⸺, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), further require a plaintiff to plead sufficient factual allegations to state a "plausible" claim for relief. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955; *Iqbal,* 129 S.Ct. at 1950.

Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the com-

plaint has alleged-but it has not shown that the pleader is entitled to relief. *Iqbal,* 129 S.Ct. at 1950 (internal citation and quotation omitted).

#### 2. Plaintiff States a Plausible Claim for Relief on All Counts

##### a. Counts One and Two: Violations of the FDCPA and the RFDCPA

▉ With respect to counts one and two for violations of the FDCPA and the RFDCPA, Plaintiff states plausible claims for relief.

First, it is necessary for the Court to determine whether the term "debt collector" applies to the individual Defendants as well as the agency Defendant, RRS, under both the FDCPA and the RFDCPA. Authority has been split as to whether an individual employee may be held personally liable as a "debt collector" under the FDCPA. "The Sixth Circuit and the majority of district courts that have considered the issue, including all such district courts in the Ninth Circuit, have concluded that employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivables Corp.,* 654 F.Supp.2d 1051, 1059 (C.D.Cal.2009) (collecting cases and citing *Schwarm v. Craighead,* 552 F.Supp.2d 1056, 1070 (E.D.Cal.2008)). Further, the Federal Trade Commission has interpreted the FDCPA's definition of "debt collector" to include "[e]mployees of a debt collection business, including a corporation, partnership, or other entity whose business is the collection of debts owned another." Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50102 (Dec. 13, 1988); *see also Schwarm,* 552 F.Supp.2d at 1070 n. 11 (holding that courts "must give substantial deference to an agency's interpretation of its own regulations.") *Brannan v. United Student Aid Funds, Inc.,* 94

F.3d 1260, 1263 (9th Cir.1996) (quoting *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994)).

Under the RFDCPA, the term "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ.Code § 1788.2(c). The *Robinson* court found that, due to the inclusive language of the RFDCPA, "[because] employees of a debt collection corporation may be held personally liable as debt collectors under the federal FDCPA ... employees may similarly be held liable under the California FDCPA." *Robinson,* 654 F.Supp.2d at 1060 n. 8. Therefore, Plaintiff has plead that Defendants Chates and Hardy, by contacting Plaintiff by telephone on behalf of RRS to collect his alleged debt, are debt collectors under the FDCPA and the RFDCPA.

Further, Plaintiff has plead the three threshold requirements to recover under the FDCPA, showing that Plaintiff is a "consumer," Defendants are "debt collectors," and Defendants have committed some act or omission in violation of the FDCPA. *Robinson,* 654 F.Supp.2d at 1057; *see also* 15 U.S.C. § 1692a(3), (6). Plaintiff has also plead the three requirements to recover under the RFDCPA, demonstrating that Plaintiff is a "debtor," Defendants are "debt collectors," and the debt at issue is "consumer debt." *Id.* at 1060; *see also* Cal. Civ.Code § 1788.2(b), (c), (f).

### b. Counts Three and Four: Invasion of Privacy

■ Plaintiff has stated plausible claims for relief for counts three and four for invasion of privacy. Defendants simply dispute the allegations of Plaintiff's FAC. Because the Court is required to accept all of Plaintiff's factual allegations as true on a motion to dismiss, this is not a sufficient basis to grant the instant motion, as to these claims.

### c. Counts Five Through Seven: State Law Tort Claims

■ Lastly, Plaintiff has pleaded plausible claims for relief with respect to counts five through seven, supplemental state law tort claims for negligence, tort in se, and negligent training and supervision. Defendant argues the RFDCPA preempts Plaintiff's related state law claims, claiming the RFDCPA already provides a specific private civil remedy. [Defs.' Mot. to Dismiss, p. 7.] However, "violation of a statutory duty to another may therefore be a tort, and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself." *South Bay Bldg. Enters., Inc. v. Riviera Lend–Lease, Inc.,* 72 Cal.App.4th 1111, 1123, 85 Cal.Rptr.2d 647 (2d Dist.1999); *see also Joseph v. J.J. Mac Intyre Companies, LLC.,* 238 F.Supp.2d 1158, 1170 (N.D.Cal.2002) (holding that RFDCPA claims and tort claims can be plead together). Further, absent specific language in the RFDCPA, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. Pro. 8(d)(3); *PAE Gov't Servs. v. MPRI, Inc.,* 514 F.3d 856, 858–859 (9th Cir.2007) (the court allows pleading in the alternative even if the alternatives are mutually exclusive). Therefore, the Court holds that Plaintiff has stated plausible claims for relief on all counts.

### CONCLUSION

In light of the above, the Court hereby **DENIES** Defendant's Motion to Dismiss in its entirety.

**IT IS SO ORDERED.**