**Eduardo GONZALEZ**

v.

**LAW OFFICE OF ALLEN ROBERT KING, et al.**

**CASE NO.: CV 16-02231 SJO (KSx)**

United States District Court, C.D. California.

Filed July 6, 2016

Andre L. Verdun, Crowley Law Group, San Diego, CA, for Eduardo Gonzalez.

Wayne M. Abb, Law Offices of Wayne M. Abb, Canoga Park, CA, for Law Office of Allen Robert King, et al.

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT** [Docket No. 10]

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

This matter is before the Court on Defendants Law Offices of Allen Robert King ("LOAK") and Allen Robert King's ("King") (collectively, "Defendants") Motion to Dismiss Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"), filed April 29, 2016.[1] Plaintiff Eduardo Gonzalez ("Plaintiff" or "Gonzalez") filed an Opposition on May 10, 2016. Defendants did not file a reply. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for Monday, June 6, 2016. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following. Plaintiff resided at a house in East Los Angeles with his family. (Complaint ("Compl.") ¶ 17, ECF No. 1.) After Plaintiff lost his job, he fell behind on his rent, and Defendants, who represent Plaintiff's landlord, served Plaintiff with an eviction notice. (*See* Compl. ¶¶ 17-18.) Shortly after, Plaintiff obtained a new job and hired counsel. (Compl. ¶¶ 18-19.) Plaintiff's counsel asked King if Plaintiff could pay the current rent and all past due rent within 30 days if his family could remain in the residence. (Compl. ¶ 19.) King suggested the possibility of letting Plaintiff stay at the residence until an agreed date without requiring payment of the past due rent; King said he would notify Plaintiff's counsel after speaking with King's client. (Compl. ¶ 19.)

King did not contact Plaintiff's counsel. (Compl. ¶ 20.) Plaintiff and his attorney then called LOAK and spoke with the paralegal, who stated that the landlord did not want to keep Plaintiff as a tenant, but that if Plaintiff vacated the residence by an agreed date, the landlord would dismiss the unlawful detainer action, not seek damages from Plaintiff, and agree to an out-of-court settlement. (Compl. ¶¶ 1, 20.) Plaintiff agreed to move immediately, and

---

1. King was erroneously named in the Complaint as Robert Allen King.

LOAK stated that it would send a written stipulation to Plaintiff's counsel in the following days for review. (Compl. ¶ 21.) Based on Defendants' representations, and to avoid an unlawful detainer judgment, Plaintiff agreed to immediately begin moving and waited for the stipulation. (Compl. ¶ 21.)

Several days later, Plaintiff was served with a default judgment. (Compl. ¶ 22.) Plaintiff and his attorney called LOAK and spoke with the same paralegal, who stated that a default judgment should not have been taken. (Compl. ¶ 23.) Plaintiff's counsel demanded a call from King, who did not return the call. (Compl. ¶¶ 23-24.)

In his Complaint, Plaintiff alleges violations: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sections 1692, *et seq.*, including sections 1692d, 1692e, 1692e(5), 1692e(10), and 1692f; and (2) the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code sections 1788-1788.32, including sections 1788.15 and 1788.17.[2] (Compl. ¶¶ 28-33.) Plaintiff vacated the residence and alleges loss of job, loss of sleep, loss of appetite, marital strife, depression, anxiety, stomach pains, headaches, and negative credit reporting. (Compl. ¶¶ 1, 25-26.) Plaintiff seeks statutory and actual damages, costs, and attorneys' fees as provided under the FDCPA and Rosenthal Act. (Compl. 6.)

Defendants move to dismiss the action based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"); and failure to allege facts sufficient to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

## II. DISCUSSION

### A. Dismissal for Lack of Subject Matter Jurisdiction

#### 1. Legal Standard: Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Comtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) (citation omitted). Federal question jurisdiction arises where the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (internal quotation marks omitted).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) (citations omitted). In a facial attack, the challenger "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their

2. For the purposes of this Order, the citation "Section 1692x" shall refer to sub-section "x" of section 1692 of the FDCPA. The citation "Section 1788.x" shall refer to the sub-section "x" of section 1788 of the California Civil Code.

face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quotation marks and citation omitted) (stating that district court resolves a facial attack as it would a Rule 12(b)(6) motion by accepting plaintiff's allegations as true and drawing all reasonable inferences in favor of plaintiff). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039 (describing jurisdiction attack as factual where defendant challenged plaintiff's contention that grass residue constituted solid waste under relevant federal statute); *see also Leite*, 749 F.3d at 1121. For factual attacks, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and need not presume the truthfulness of the plaintiff's allegations. *Safe Air*, 373 F.3d at 1039 (citations omitted).

■ Dismissals premised on federal question jurisdiction are "exceptional" and warranted where the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039 (citation omitted). Federal question jurisdiction is not defeated "by the possibility that [the plaintiff] might fail to state a cause of action on which [she] could actually recover." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

### 2. Jurisdictional Dismissal is Not Proper

Although it is not readily clear, Defendants' Rule 12(b)(1) argument appears to be that unlawful detainers do not present a federal question, and that Defendants do not constitute "debt collectors" within the

meaning of the FDCPA. (*See* Mot. 4–5.) This argument fails.

■ First, Plaintiff is not disputing the unlawful detainer action; Plaintiff is bringing a claim under the FDCPA, a federal statute, for a representation Defendants made in connection with collecting Plaintiff's unpaid rent. Second, by disputing whether Plaintiff can "allege a claim that comes within the definitional reach of [the relevant federal statute]"—i.e., whether Defendants are considered "debt collectors" within the meaning of the FDCPA— Defendants do not demonstrate lack of subject matter jurisdiction, but instead attack the merits of Plaintiff's claims and his ability to seek relief under the FDCPA. *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983) (collecting cases). In such cases, where the disputed issue "goes to the merits of the claim, a dismissal should be based on a Rule 12(b)(6) or a summary judgment motion, rather than a Rule 12(b)(1) motion." *Timberlane Lumber Co. v. Bank of Am.*, 549 F.2d 597, 602 (9th Cir.1976); *see also Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir.1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)."). The Court does not find sufficient support to conclude that Plaintiff's claims are wholly insubstantial, frivolous, or made solely for the purpose of obtaining federal question jurisdiction. *See Steel*, 523 U.S. at 89, 118 S.Ct. 1003.

Accordingly, the Court **DENIES** Defendants' Motion on the Rule 12(b)(1) ground. The Court now turns to Defendants' Rule 12(b)(6) argument.

### B. Dismissal for Failure to State a Claim
#### 1. Legal Standard: Rule 12(b)(6)

■ In reviewing a motion to dismiss under Rule 12(b)(6), a court may only

consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). A plaintiff's cause of action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir.2003) (requiring Rule 12(b)(6) to be read in conjunction with Rule 8). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955 (citation and quotation marks omitted).

### 2. Section 47 Litigation Privilege Does Not Bar Plaintiff's Claims

█ As a threshold matter, Defendants argue that, if the FDCPA or Rosenthal Act applied, the eviction notice would be subject to absolute privilege under California Civil Code section 47 ("Section 47"). (*See* Mot. 4–5.) Section 47 provides a privilege for a publication or broadcast in, *inter alia*, a judicial proceeding, with the purpose of affording litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions. *See Jacob B. v. Cnty. of Shasta*, 40 Cal.4th 948, 956, 56 Cal.Rptr.3d 477, 154 P.3d 1003 (2007) (citing Cal. Civ. Code § 47(b)). Defendants' arguments fail for various reasons.

First, the eviction notice is not the communication at issue. Rather, the dispute centers around the telephone call in which LOAK's paralegal represented that "if

Plaintiff vacated the residence by an agreed date, the landlord would dismiss the unlawful detainer action and not seek damages from Plaintiff." (Compl. ¶ 20.) Nonetheless, regardless of which communication is at issue, the litigation privilege does not apply to either the FDCPA or Rosenthal Act claim, as discussed herein.

█ Defendants' Section 47 argument with respect to the FDCPA claim fails because "the California litigation privilege does not apply to federal causes of action, including FDCPA claims." *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089, 1098 (C.D.Cal.2006) (collecting cases). As for the Rosenthal Act, "[n]o published California case appears to have examined the interaction between the litigation privilege and the Rosenthal Act." *Id.* at 1098; *see Huy Thanh Vo v. Nelson & Kennard*, 931 F.Supp.2d 1080, 1096–97 (E.D.Cal.2013) (noting that the California Supreme Court has not decided whether the litigation privilege bars such claims, and district courts in the Ninth Circuit have split on the issue). The Court is persuaded by the reasoning in *Oei* and its progeny which concluded that applying the Section 47 privilege to communications made under the statute would "effectively vitiate the Rosenthal Act and render the protections it affords meaningless." *See Oei*, 486 F.Supp.2d at 1100 (applying principle of statutory construction that the later, more specific Rosenthal Act prevails over the earlier, more general Section 47 privilege); *accord, Butler v. Resurgence Fin., LLC*, 521 F.Supp.2d 1093, 1095 (C.D.Cal.2007) ("Although there is a split of authority on whether the litigation privilege applies to the Rosenthal Act, we think the better view is that [it] does not."). Thus, the Section 47 litigation privilege does not bar Plaintiff's claims under either the Rosenthal Act or the FDCPA. The Court turns to the merits of Plaintiff's claims.

### 3. Plaintiff Sufficiently States a Claim Under the FDCPA

The FDCPA was created to protect consumers from unfair and deceptive debt collection practices. See 15 U.S.C. § 1692. There are three threshold requirements for an FDCPA claim: "(1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1058 (C.D.Cal.2009) (citation omitted). "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citation omitted). Here, Defendants argue that the FDCPA claim should be dismissed because the factual allegations are insufficient to support such a claim, and that the Complaint is "a sham and nothing but a shakedown by [Plaintiff's counsel]–a high-frequency filer (60 cases in District Court alone)." [3] (Mot. 3-4.) Defendants do not specifically address the alleged FDCPA violations.

The Complaint alleges facts satisfying the three threshold requirements. First, Plaintiff alleges that he is a "consumer" under the FDCPA–"any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). An individual obligated to pay rent for his residence qualifies as a "consumer." *See*

*Heintz v. Jenkins*, 514 U.S. 291, 293, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (stating that FDCPA is limited to debts arising out of transactions "primarily for personal, family, or household purposes"); *Dickman v. Kimball, Tirey & St. John, LLP*, 982 F.Supp.2d 1157, 1164 (S.D.Cal.2013) (citing *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 115 (2d Cir.1998) (concluding that back rent is an FDCPA "debt"). Furthermore, that Plaintiff is represented by counsel does not exclude him from the protections of the FDCPA, as the statute "applies to conduct aimed at a debtor himself regardless of whether he has retained counsel." *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939 (9th Cir.2007) (rejecting the broad conclusion that the FDCPA protects debtors "only so long as she does not retain an attorney"; holding that "when the debt collector ceases contact with the debtor, and instead communicates exclusively with an attorney hired to represent the debtor in the matter, the Act's strictures no longer apply to those communications").

Second, as alleged in the Complaint, Defendants King and LOAK are "debt collectors" as defined by Section 1692a(6) of the FDCPA: Their "principal purpose is the collection of debts, and [they] regularly engage[ ] in the collection of debts through the mail, telephone and filing lawsuits throughout the State of California." (Compl. ¶ 9.) The FDCPA applies to a lawyer, and law firm, regularly engaged in consumer debt-collection litigation on behalf of a creditor client.[4] *Heintz*,

---

3. In support of this contention, Defendants submit a request for judicial notice of two sets of documents: (1) California State Bar printout of King's status; and (2) United States District Court printout of Plaintiff's counsel's cases. (*See generally* Defs.' Request for Judicial Notice in Supp. of Mot. ("RJN"), ECF No. 11.) King's legal experience and Plaintiff's counsel's list of cases filed in district court are simply irrelevant to the dispute.

Accordingly, the Court **DENIES** Defendants' RJN; the Court need not rule on Plaintiff's objections to the RJN. (*See* Objections to RJN, ECF No. 15.)

4. Defendants' Motion addresses Plaintiff's allegations as against King only. Regardless, the Court concludes that both King and LOAK are "debt collectors" under the FDCPA.

514 U.S. at 293–94, 115 S.Ct. 1489 ("In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts."); *accord, McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 948 (9th Cir.2011) (holding that defendant law firm violated FDCPA). Simply because Defendants did not, and does not, "prepare or serve eviction notices," according to Defendants, is inapposite to their status as "debt collectors." (*See* Mot. 5.) King describes himself as "a lawyer who prosecutes unlawful detainer actions," who has prosecuted "thousands of unlawful detainer cases in his 36 years in practice," and whose practice "focuses on landlord-tenant litigation." (Mot. 4-5.) King made statements to Plaintiff and/or Plaintiff's counsel in connection with collecting Plaintiff's past due rent on behalf of his creditor client, then caused the default judgment to be served on Plaintiff, all of which constitute "litigating activities of lawyers," which are subject to the FDCPA. *See Heintz,* 514 U.S. at 294, 115 S.Ct. 1489; *e.g., James v. Wadas,* 724 F.3d 1312, 1316 (10th Cir.2013) (including "service upon a debtor of a complaint to facilitate debt collection efforts" and "statements in written discovery documents" as such litigating activities).

■■■■■■ Third, contrary to Defendants' contention that the Complaint is "utterly bereft of a single factual allegation sufficient to apprise the defendants of what they are supposed to defend against," Plaintiff sufficiently alleges that Defendants committed some FDCPA violation.[5] (Mot. 3.) To begin, the representation at issue must constitute a "communication" under the FDCPA–the "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The sole "communication" at issue here is the telephone call between Plaintiff (and Plaintiff's attorney) and the LOAK paralegal. (*See* Opp'n 6.) According to the Complaint, the paralegal represented that LOAK would send a stipulation to Plaintiff's counsel in the following days to the effect that, if Plaintiff vacated the residence by an agreed date, the landlord would dismiss the unlawful detainer action. (*See* Compl. ¶¶ 20-21.) These statements followed King's alleged failure to call Plaintiff's counsel as King had stated. (*See* Compl. ¶ 19.) Because the paralegal's statements were made in connection with Plaintiff's back pay rent, the

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6) (listing six exclusions, which do not apply here).

5. Defendants contend that Plaintiff's failure to attach the eviction notice to the Complaint or reference the unlawful detainer action's case name, case number, filing date, or property address renders the Complaint deficient because Defendants are unable to locate the unlawful detainer case file. (Mot. 3.) As of approximately May 5, 2016, Defendants' counsel indicated that he had the case name, case number, and address for the residence at issue in the unlawful detainer action. (Decl. of Andre L. Verdun in Supp. of Pl.'s Opp'n to Mot. to Dismiss ¶ 2, ECF No. 14-1.) Even without identifying case information, Plaintiff has pleaded sufficient facts to put Defendants on notice of the lawsuit that Defendants' own client initiated against Plaintiff.

paralegal's statements constitute an FDCPA "communication."[6]

Defendants did not raise any defenses, such as the affirmative defense of bona fide error, which would require Defendants to show that they violated the FDCPA unintentionally, the violation resulted from a bona fide error, and they maintained procedures reasonably adapted to avoid the violation. *McCollough*, 637 F.3d at 948 (placing burden of proof on defendant). Thus, the Court turns to the specific FDCPA sections that Plaintiff alleges Defendants violated: Sections 1692d, 1692e, 1692e(5), 1692e(10), and 1692f.[7]

### a. Section 1692d

 A debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiff fails to make a plausible claim under this section. Plaintiff alleges no facts suggesting that the communication constituted violence or threat of violence, obscene language, or any of the examples of prohibited conduct enumerated in Section 1692d; Plaintiff does not even allege that the communication was unwanted. *See, e.g., Jackson v. ASA Holdings*, 751 F.Supp.2d 91, 99–100 (D.D.C.2010) (finding that defendants' foreclosure on plaintiff's properties despite allegedly knowingly lying to plain-

tiff about giving her assistance with loan modification did not constitute harm, oppression, or abuse under FDCPA). Thus, the FDCPA claim under Section 1692d fails.

### b. Section 1692e

 Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Such a statement must be "material" to be actionable. *Donohue*, 592 F.3d at 1033 (citation omitted). "Whether conduct violates Sections 1692e ... requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue*, 592 F.3d at 1033 (quoting *Guerrero*, 499 F.3d at 934). Specifically, Plaintiff alleges violations of Section 1692e(5) and Section 1692e(10), which the Court addresses below.

[22] First, Plaintiff sufficiently states a claim under Section 1692e(5), which prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In essence, Plaintiff alleges that Defendants made false and deceptive statements to Plaintiff "to keep him from answering

**6.** "The Ninth Circuit has determined that 'general principles of agency ... form the basis of vicarious liability under the FDCPA." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir.2006) (requiring principal to exercise control over the conduct or activities of the agent). Particularly in light of the allegation that the paralegal's representation echoed what King had previously represented to Plaintiff's counsel, the Court can reasonably infer that Defendants allowed the paralegal to represent himself or herself as an agent of LOAK, such that Defendants may be liable for communications made by the paralegal. *See Newman v. Checkrite Cal., Inc.*, 912 F.Supp. 1354, 1371 (E.D.Cal.

1995) (citing Restatement (Second) Agency § 8 (1958)) ("Imposition of liability under the doctrine of apparent authority arises from a manifestation by a principal to a third party that another is his agent.").

**7.** The court in *Townsend v. Quantum3 Grp., LLC*, 535 B.R. 415 (M.D.Fla.2015), recognized that Sections 1692e(5), 1692e(10), and 1692f (1) were repealed by implication by the U.S. Bankruptcy Code because the two statutes were irreconcilable as to the requirement that a creditor must register as a consumer collection agency under state law prior to filing proofs of claim. Nonetheless, this holding is irrelevant to this action.

an unlawful detainer complaint." (Compl. ¶ 1.) First, the communication at issue was a suggestion of possible settlement, which does not in and of itself constitute a threat to bring legal action. *See, e.g., Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir.2014) (suggesting that offer to settle in absence of a threat to sue is not enough for FDCPA liability); *Skinner v. Asset Acceptance, LLC*, 876 F.Supp.2d 473, 478–79 (D.N.J.2012) (holding that debt collector's offer to settle the debt "does not constitute or contain a threat to take any action"). However, Plaintiff pleads sufficient facts regarding Defendants' course of conduct that was not intended to be taken: Defendants talked to Plaintiff regarding a possible dismissal, failed to send a stipulation as indicated, then served Plaintiff with default judgment, all of which appear to contradict Defendants' stated intention to dismiss the action. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir.1994) (reversing summary judgment in favor of consumer upon concluding that debt collector's "contradictory and inaccurate communications" rationally supported finding of deceptive or misleading means in connection with collection of a debt).

Second, Plaintiff sufficiently states a claim under Section 1692e(10), which is referred to as a "catchall" provision prohibiting the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir.2011) (citing 15 U.S.C. § 1692e(10)). As with Section 1692d, the false or misleading representation must be "material." *Gonzales*, 660 F.3d at 1062 (stating that the inquiry concerns "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response"). The Court concludes that the least sophisticated consumer could be materially misled by Defendants' communication be-

cause, based on the representation, Plaintiff waited several days for the stipulation instead of defending against the unlawful detainer action, and was subsequently served with default judgment. The paralegal's subsequent statement that "a default judgment should not have been taken" supports the misleading nature and effect of the communication on the least sophisticated debtor. (Compl. ¶ 23.) Thus, Plaintiff sufficiently states a claim under Section 1692e(10).

### c. Section 1692f

Finally, the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f lists examples of conduct such as collection of any amount not expressly authorized by agreement or law; solicitation of any postdated check to threaten criminal prosecution; and causing charges to be made to the consumer by concealing the true purpose of the communication. *See id.* As with Section 1692d, Plaintiff's Complaint is devoid of facts to support this claim. For instance, Plaintiff does not dispute his failure to pay rent or the lawfulness of being served with the eviction notice.

In sum, because Plaintiff sufficiently pleads facts for a Section 1692e claim—but not for under Section 1692d or Section 1692f—the Motion as to the FDCPA claims is **GRANTED IN PART AND DENIED IN PART.**

### 4. Plaintiff Sufficiently States a Rosenthal Act Violation Against LOAK

Plaintiff sues under the Rosenthal Act as a supplemental state claim. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d .1097, 1100 (9th Cir. 2012) (citing Cal. Civ.Code § 1788.17). Ac-

cordingly, to maintain a Rosenthal Act claim, the plaintiff must allege that he is a "debtor," that the defendant is a "debt collector," and that the defendant committed a violation of the FDCPA. *See Robinson*, 654 F.Supp.2d at 1058. "[A]ny conduct by a debt collector which violates the federal FDCPA necessarily violates the California FDCPA [otherwise known as the Rosenthal Act] as well." *Id.* at 1060. Unlike the FDCPA, the Rosenthal Act expressly excludes "an attorney or counselor at law." Cal. Civ.Code § 1788.2(c). Thus, Plaintiff's Rosenthal Act claim is dismissed as against King.

 However, the statute does not exclude law firms. *See Robinson*, 654 F.Supp.2d at 1061 (citing *Abels v. JBC Legal Grp., P.C.*, 227 F.R.D. 541, 547–48 (N.D.Cal.2005)) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."). Taking the Complaint's allegations as true, Defendant LOAK is a "debt collector[ ] as that is defined by . . . [Section] 1788.2" because it regularly engages in debt collection through the mail, telephone and filing lawsuits in California. (Compl. ¶ 9.) As discussed above, Plaintiff sufficiently alleges that he is a "debtor" and that Defendants' conduct constituted a violation of Section 1692e. Thus, it follows that LOAK's conduct necessarily violates the Rosenthal Act.

In sum, on the Rosenthal Act claim, the Motion is **GRANTED with prejudice** against King, and **DENIED** against LOAK.

#### C. Dismissal of the FDCPA Claims Is With Leave to Amend

When granting a motion to dismiss, the Court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246–47 (9th Cir.1990). In determining whether amendment would be futile, the Court examines whether amending the Complaint could cure the defects requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990).

Here, the Court dismisses Plaintiff's Section 1692d and Section 1692f claims under the FDCPA, and the Rosenthal Act claim against King only. Because the FDCPA claims are dismissed on the basis of failure to plead sufficient facts, the Court finds that granting Plaintiff the opportunity to amend his Complaint as to these two FDCPA claims only is appropriate. However, as to the Rosenthal Act claim against King, dismissal is without leave to amend because the statute does not apply to lawyers such as King.

### III. RULING

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss the Complaint. The Motion is **DENIED** on the Federal Rule of Civil Procedure 12(b)(1) ground. On the Federal Rule of Civil Procedure 12(b)(6) ground, the Motion is **GRANTED with leave to amend** as to the FDCPA Section 1692d and Section 1692f claims; **GRANTED without leave to amend** as to the Rosenthal Act claim against King only; and **DENIED** as to the FDCPA Section 1692e claim against Defendants and the Rosenthal Act claim against LOAK only.

Plaintiff may file an amended complaint to correct the deficiencies within **fourteen (14) days** of the issuance of this Order. Should Plaintiff file an amended complaint, Defendants shall file an answer or otherwise respond within **fourteen (14) days**

thereafter. Strict compliance with this Court's Order is required.

IT IS SO ORDERED.